UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SUPERMEDIA LLC f/k/a
IDEARC MEDIA CORP,

       Plaintiff,

v.                        CASE NO.: 8:11-cv-831-T-33TBM

THE PARKER LAW GROUP, P.A.,

       Defendant.
_____/

## ORDER

This cause is before the Court pursuant to The Parker Law Group's Motion to Dismiss Supermedia's Complaint, filed on May 17, 2011. (Doc. # 4). Supermedia responded by filing a Memorandum in Opposition on May 27, 2011. (Doc. # 5). For the reasons that follow, this Court denies the Motion to Dismiss.

## I.  Factual Background and Procedural History

Supermedia, a Delaware company with its principal place of business in Texas, "is a national advertising agency and is the official publisher of the Verizon® Yellow Pages and other print and on-line telephone directories." (Doc. # 1 at ¶¶ 3, 6). The Parker Law Group, a Florida Professional Association, entered into various, identical written contracts with Supermedia for directory advertising. Id. at ¶¶ 4, 8. Supermedia contends that it published The Parker Law Group's

advertisements, but that The Parker Law Group failed to pay for the published advertisements. Id. at ¶¶ 10-12.

On April 15, 2011, Supermedia filed a complaint against The Parker Law Group alleging breach of contract and quantum meruit. (Doc. # 1). Supermedia attached to the complaint the contracts as well as an invoice showing the balance owed to Supermeida: $125,027.19. (Doc. # 1-1 at 25). The Parker Law Group responded to the complaint by filing the Motion to Dismiss, which is ripe for the Court's review.

## II.  **Legal Standard**

On a motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true.").

However, in Twombly, the Supreme Court cautioned:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic

2

> recitation of the elements of a cause of action
> will not do. Factual allegations must be enough to
> raise a right to relief above the speculative
> level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal
citations omitted).  Further, courts are not "bound to accept
as true a legal conclusion couched as a factual allegation."
Papasan v. Allain, 478 U.S. 265, 286 (1986).

### III.   Analysis

The contractual language governing the parties defines
The Parker Law Group as "I" or the "Advertiser." (Doc. # 1-1
at 2, ¶ 1).  Supermedia is referred to in the contacts as the
"Publisher" or as one of the "Indemnified Parties." Id. at 3,
¶6.[1] The contracts between the parties indicate: "I must
commence any arbitration or litigation against any of the
Indemnified Parties within two years after the last day of the
month in which the advertising to which my claim relates was
published." Id. at ¶ 7.

It does not appear to be disputed that the last
publication in question was issued in January 2009.  Thus, if
The Parker Law Group initiated an action against Supermedia,

---

[1] Paragraph six of the contracts includes in the
definition of "Indemnified Parties" the Publisher, any
affiliate of the Publisher, any agent of the Publisher, and
any Third Party Distribution Contractor. (Doc. # 1-1 at 3, ¶
6).

such action would have to have been filed as of January 2011. However, in this case, Supermedia is the party who filed the action.   There is no reciprocal language in the contracts abridging Supermedia's window of time in which to file a complaint against The Parker Law Group.

The Parker Law Group contends that its two year window for filing suit, as specified in the contracts, is "ambiguous" and, therefore, should be expanded to also limit Supermedia's window of time to file an action against The Parker Law Group. The Court rejects this unsupported and conclusory contention. The contracts, which were properly attached to the complaint, are not ambiguous.   The contracts clearly define The Parker Law Group as "I" and limit the time for The Parker Law Group to initiate litigation against Supermedia.   The fact that the contracts do not place the same time-constraint on Supermedia does not compel the Court to conclude that such contracts are "ambiguous."  For this reason, the Court denies the Motion to Dismiss.

Accordingly it is now

**ORDERED, ADJUDGED,** and **DECREED:**

The Parker Law Group's Motion to Dismiss (Doc. #4) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>16th</u>

4

day of September, 2011.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record